UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - v. -

JAMAL SIMON,
DAVID BOYD,
   a/k/a "Fresh,"
MELVIN BROWN,
   a/k/a "Flint,"
DARREN DAVIDSON,
   a/k/a "Eddie Gray,"
DWIGHT FORDE,
YVETTE LUBRUN,
RASHAUN McKAY,
   a/k/a "Buster,"
MEGAN MONTOYA,
DEMALI MOSELY,
DWAYNE NORVILLE,
   a/k/a "Lux," and
JILLIAN WALCOTT,

                Defendants.

- - - - - - - - - - - - - - - - - -X

**SEALED INDICTMENT**

18 Cr.

**18 CRIM 339**

**JUDGE CROTTY**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: MAY 1 4 2018

COUNT ONE
(Conspiracy to Commit Access Device Fraud)

The Grand Jury charges:

OVERVIEW OF THE SCHEME

1.   From at least in or about March 2017 until at least in or about July 2017, in the Southern District of New York and elsewhere, JAMAL SIMON, DAVID BOYD, a/k/a "Fresh," MELVIN BROWN, a/k/a "Flint," DARREN DAVIDSON, a/k/a "Eddie Gray," DWIGHT FORDE, YVETTE LUBRUN, RASHAUN McKAY, a/k/a "Buster," MEGAN MONTOYA, DEMALI MOSELY, DWAYNE NORVILLE, a/k/a "Lux," and

JILLIAN WALCOTT, the defendants, together with others known and unknown, carried out a wide-ranging scheme that involved unlawfully obtaining individually identifiable information of other individuals (including names, addresses, phone numbers, email addresses, birthdates, bank account numbers, credit and debit card numbers, and cellphone service provider account numbers); impersonating those individuals in order to obtain unauthorized access to their bank accounts, credit and debit card accounts, and cellphone service provider accounts; using such access to, among other things, facilitate the fraudulent transfer of funds to other bank accounts controlled by members of the conspiracy and the unauthorized purchasing of merchandise and gift cards at retails stores. The defendants' scheme defrauded financial institutions and individuals of more than $3.5 million.

## RELEVANT PERSONS

2.   At all times relevant to this Indictment, JAMAL SIMON, the defendant, was the organizer and leader of the scheme. Among other things, SIMON purchased individually identifying information, arranged for false identification documents and counterfeit debit and credit cards to be manufactured, and directed other members of the scheme to use the false identification documents and counterfeit debit and credit cards to fraudulently purchase merchandise and gift cards. SIMON

frequently impersonated victims on telephone calls with financial institutions and wireless telephone companies, and used the victims' individually identifiable information on those calls.

3. At all times relevant to this Indictment, DAVID BOYD, a/k/a "Fresh," the defendant, among other things, provided guidance to JAMAL SIMON, the defendant, in the execution of the scheme, and used counterfeit credit cards to fraudulently purchase merchandise.

4. At all times relevant to this Indictment, MELVIN BROWN, a/k/a "Flint," the defendant, among other things, impersonated victims on telephone calls with financial institutions to monitor the balances on the victims' accounts and facilitated the use of counterfeit credit cards by other members of the scheme to fraudulently purchase merchandise.

5. At all times relevant to this Indictment, DARREN DAVIDSON, a/k/a "Eddie Gray," the defendant, among other things, supplied false identification documents and counterfeit debit and credit cards to JAMAL SIMON, the defendant, and other members of the scheme.

6. At all times relevant to this Indictment, DWIGHT FORDE, the defendant, among other things, provided guidance to JAMAL SIMON, the defendant, concerning the prices for false identification documents and tactics to evade financial

3

institutions' security procedures in order to access victims' accounts without authorization.

7. At all times relevant to this Indictment, YVETTE LUBRUN, the defendant, among other things, impersonated victims at wireless telephone stores, and presented false identification documents, in order to facilitate the takeover of victims' cellphone accounts.

8. At all times relevant to this Indictment, RASHAUN McKAY, a/k/a "Buster," MEGAN MONTOYA, and DWAYNE NORVILLE, a/k/a "Lux," the defendants, among other things, used counterfeit credit cards to fraudulently purchase merchandise.

9. At all times relevant to this Indictment, DEMALI MOSELY, the defendant, among other things, accessed victims' email accounts without authorization to obtain information and conceal the scheme.

10. At all times relevant to this Indictment, JILLIAN WALCOTT, the defendant, who was an employee of an urgent care clinic in Manhattan, New York, during the relevant time period, wrongfully obtained and disclosed individually identifiable health information for use in furtherance of the scheme, among other things.

## STATUTORY ALLEGATIONS

11. From at least in or about March 2017 until at least in or about July 2017, in the Southern District of New York and

elsewhere, JAMAL SIMON, DAVID BOYD, a/k/a "Fresh," MELVIN BROWN, a/k/a "Flint," DARREN DAVIDSON, a/k/a "Eddie Gray," DWIGHT FORDE, YVETTE LUBRUN, RASHAUN McKAY, a/k/a "Buster," MEGAN MONTOYA, DEMALI MOSELY, DWAYNE NORVILLE, a/k/a "Lux," and JILLIAN WALCOTT, the defendants, and others known and unknown, willfully, and knowingly, did combine, conspire, confederate, and agree, together and with each other, to violate Title 18, United States Code, Sections 1029(a)(1), (a)(2), (a)(3), and (a)(5).

12.   In was a part and an object of the conspiracy that JAMAL SIMON, DAVID BOYD, a/k/a "Fresh," MELVIN BROWN, a/k/a "Flint," DARREN DAVIDSON, a/k/a "Eddie Gray," DWIGHT FORDE, YVETTE LUBRUN, RASHAUN McKAY, a/k/a "Buster," MEGAN MONTOYA, DEMALI MOSELY, DWAYNE NORVILLE, a/k/a "Lux," and JILLIAN WALCOTT, the defendants, and others known and unknown, willfully and knowingly, and with intent to defraud, in an offense affecting interstate commerce, would and did produce, use, and traffic in one or more counterfeit access devices, in violation of Title 18, United States Code, Section 1029(a)(1).

13.   It was further a part and an object of the conspiracy that JAMAL SIMON, DAVID BOYD, a/k/a "Fresh," MELVIN BROWN, a/k/a "Flint," DARREN DAVIDSON, a/k/a "Eddie Gray," DWIGHT FORDE, YVETTE LUBRUN, RASHAUN McKAY, a/k/a "Buster," MEGAN MONTOYA, DEMALI MOSELY, DWAYNE NORVILLE, a/k/a "Lux," and JILLIAN

WALCOTT, the defendants, and others known and unknown, willfully and knowingly, and with intent to defraud, in an offense affecting interstate commerce, would and did traffic and use one and more access devices during a one-year period, and by such conduct obtained more than $1,000 during that period, in violation of Title 18, United States Code, Section 1029(a)(2).

14. It was further a part and an object of the conspiracy that JAMAL SIMON, DAVID BOYD, a/k/a "Fresh," MELVIN BROWN, a/k/a "Flint," DARREN DAVIDSON, a/k/a "Eddie Gray," DWIGHT FORDE, YVETTE LUBRUN, RASHAUN McKAY, a/k/a "Buster," MEGAN MONTOYA, DEMALI MOSELY, DWAYNE NORVILLE, a/k/a "Lux," and JILLIAN WALCOTT, the defendants, and others known and unknown, willfully and knowingly, and with intent to defraud, in an offense affecting interstate commerce, would and did possess fifteen and more devices which were counterfeit or unauthorized access devices, in violation of Title 18, United States Code, Section 1029(a)(3).

15. It was further a part and an object of the conspiracy that JAMAL SIMON, DAVID BOYD, a/k/a "Fresh," MELVIN BROWN, a/k/a "Flint," DARREN DAVIDSON, a/k/a "Eddie Gray," DWIGHT FORDE, YVETTE LUBRUN, RASHAUN McKAY, a/k/a "Buster," MEGAN MONTOYA, DEMALI MOSELY, DWAYNE NORVILLE, a/k/a "Lux," and JILLIAN WALCOTT, the defendants, and others known and unknown, willfully and knowingly, and with intent to defraud, in an offense

6

affecting interstate commerce, would and did effect transactions with one and more access devices issued to another person or persons, to receive payment and other things of value during a one-year period the aggregate value of which was equal to and greater than $1,000, in violation of Title 18, United States Code, Section 1029(a)(5).

## OVERT ACTS

16. In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

    a. On or about March 22, 2017, RASHAUN McKAY, a/k/a "Buster," the defendant, made unauthorized purchases of merchandise with a counterfeit credit card at a retail store in Brooklyn, New York.

    b. On or about March 23, 2017, DWAYNE NORVILLE, a/k/a "Lux," the defendant, made unauthorized purchases of merchandise with a counterfeit credit card at a retail store in Brooklyn, New York.

    c. On or about March 26, 2017, YVETEE LUBRUN, the defendant, during a telephone call with a co-conspirator, discussed possessing fraudulent identification documents and making unauthorized purchases of merchandise.

d. On or about March 26, 2017, DEMALI MOSELY, the defendant, accessed another individual's email account without authorization and discussed with JAMAL SIMON, the defendant, deleting certain emails sent from a credit card issuer.

e. On or about March 30, 2017, JILLIAN WALCOT, the defendant, discussed with a co-conspirator the provision of individually identifiable information of another individual to a co-conspirator.

f. On or about April 5, 2017, JAMAL SIMON, the defendant, called a wireless telephone company and impersonated a customer in order to obtain access to that customer's wireless telephone account.

g. On or about April 5, 2017, DARREN DAVIDSON, a/k/a "Eddie Gray," the defendant, discussed with a co-conspirator the manufacturing of a counterfeit credit card encoded with stolen account information belonging to another individual.

h. On or about April 5, 2017, DWIGHT FORDE, the defendant, instructed a co-conspirator on methods of obtaining other individuals' wireless telephone account information.

i. On or about April 6, 2017, MEGAN MONTOYA, the defendant, made unauthorized purchases of merchandise with a counterfeit credit card at a retail store in California.

j. On or about April 7, 2017, DAVID BOYD, a/k/a "Fresh," the defendant, made unauthorized purchases with a counterfeit credit card at a retail store located in New Jersey.

k. On or about May 10, 2017, MELVIN BROWN, a/k/a "Flint," the defendant, called a financial institution, impersonated a customer of that financial institution, and requested that a replacement credit card encoded with the customer's account information be sent to an address in New York, New York.

(Title 18, United States Code, Section 1029(b)(2).)

## COUNT TWO
### (Conspiracy to Commit Wire Fraud)

The Grand Jury further charges:

17. The allegations contained in paragraphs 1 through 10 and 16 above are hereby repeated, realleged, and incorporated by reference as if fully set forth herein.

18. From at least in or about March 2017 until at least in or about July 2017, in the Southern District of New York and elsewhere, JAMAL SIMON, DAVID BOYD, a/k/a "Fresh," MELVIN BROWN, a/k/a "Flint," DARREN DAVIDSON, a/k/a "Eddie Gray," DWIGHT FORDE, YVETTE LUBRUN, RASHAUN McKAY, a/k/a "Buster," MEGAN MONTOYA, DEMALI MOSELY, DWAYNE NORVILLE, a/k/a "Lux," and JILLIAN WALCOTT, the defendants, and others known and unknown, willfully and knowingly, did combine, conspire, confederate, and

9

agree together and with each other to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

19. It was a part and object of the conspiracy that JAMAL SIMON, DAVID BOYD, a/k/a "Fresh," MELVIN BROWN, a/k/a "Flint," DARREN DAVIDSON, a/k/a "Eddie Gray," DWIGHT FORDE, YVETTE LUBRUN, RASHAUN McKAY, a/k/a "Buster," MEGAN MONTOYA, DEMALI MOSELY, DWAYNE NORVILLE, a/k/a "Lux," and JILLIAN WALCOTT, the defendants, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

(Title 18, United States Code, Section 1349.)

## COUNT THREE
(Aggravated Identity Theft)

The Grand Jury further charges:

20. The allegations contained in paragraphs 1 through 10 and 16 above are hereby repeated, realleged, and incorporated by reference as if fully set forth herein.

10

21.  From at least in or about March 2017 until at least in or about July 2017, in the Southern District of New York and elsewhere, JAMAL SIMON, DAVID BOYD, a/k/a "Fresh," MELVIN BROWN, a/k/a "Flint," DARREN DAVIDSON, a/k/a "Eddie Gray," DWIGHT FORDE, YVETTE LUBRUN, RASHAUN McKAY, a/k/a "Buster," MEGAN MONTOYA, DEMALI MOSELY, DWAYNE NORVILLE, a/k/a "Lux," and JILLIAN WALCOTT, the defendants, and others known and unknown, willfully and knowingly did transfer, possess, and use, without lawful authority, a means of identification of another person, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), and aided and abetted the same, to wit, the defendants used, stolen credit card and debit card information belonging to other individuals in order to make unauthorized purchases of merchandise, and used stolen bank account information belonging to other individuals to initiate the fraudulent transfer of funds to other bank accounts controlled by members of the conspiracy during and in relation to the access device fraud and wire fraud offenses charged in Counts One and Two of this Indictment.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b) and 2.)

## COUNT FOUR
### (Wrongfully Obtaining
### Individually Identifiable Health Information)

The Grand Jury further charges:

22. The allegations contained in paragraphs 1, 2, 10, and 16(d), (e), and (f) above are hereby repeated, realleged, and incorporated by reference as if fully set forth herein.

23. From at least in or about March 2017 until at least in or about July 2017, in the Southern District of New York and elsewhere, JAMAL SIMON and JILLIAN WALCOTT, the defendants, knowingly obtained individually identifiable health information relating to individuals with intent to sell, transfer, and use such individually identifiable health information for commercial advantage, personal gain, and malicious harm, to wit, WALCOTT and SIMON misappropriated individually identifiable health information relating to patients of an urgent-care clinic located in New York, New York for the purpose of using such information to obtain unauthorized access to the patients' bank accounts, credit and debit card accounts, and cellphone service provider accounts and then using such access to, among other things, facilitate the unauthorized purchase of merchandise.

(Title 42, United States Code, Section 1320d-6(a)(2) and (b)(3).)

## COUNT FIVE
### (Wrongfully Disclosing Individually Identifiable Health Information)

The Grand Jury further charges:

24. The allegations contained in paragraphs 1, 2, 10, and 16(d), (e), and (f) above are hereby repeated, realleged, and incorporated by reference as if fully set forth herein.

25. From at least in or about March 2017 until at least in or about July 2017, in the Southern District of New York and elsewhere, JAMAL SIMON and JILLIAN WALCOTT, the defendants, knowingly disclosed individually identifiable health information relating other persons with intent to sell, transfer, and use such individually identifiable health information for commercial advantage, personal gain, and malicious harm, to wit, WALCOTT and SIMON disclosed individually identifiable health information relating to patients of an urgent-care clinic located in New York, New York to obtain unauthorized access to the patients' bank accounts, credit and debit card accounts, and cellphone service provider accounts, and using such access to, among other things, facilitate the unauthorized purchase of merchandise.

(Title 42, United States Code, Section 1320d-6(a)(3), and (b)(3).)

## FORFEITURE ALLEGATIONS

26. As a result of committing the offense alleged in Count One of this Indictment, JAMAL SIMON, DAVID BOYD, a/k/a

13

"Fresh," MELVIN BROWN, a/k/a "Flint," DARREN DAVIDSON, a/k/a "Eddie Gray," DWIGHT FORDE, YVETTE LUBRUN, RASHAUN McKAY, a/k/a "Buster," MEGAN MONTOYA, DEMALI MOSELY, DWAYNE NORVILLE, a/k/a "Lux," and JILLIAN WALCOTT, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1029(c)(1)(C), any and all property constituting or derived from, proceeds obtained directly or indirectly, as a result of the commission of said offense, and any and all personal property used or intended to be used to commit said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense that the defendants personally obtained.

27. As a result of committing the offense alleged in Count Two of this Indictment JAMAL SIMON, DAVID BOYD, a/k/a "Fresh," MELVIN BROWN, a/k/a "Flint," DARREN DAVIDSON, a/k/a "Eddie Gray," DWIGHT FORDE, YVETTE LUBRUN, RASHAUN McKAY, a/k/a "Buster," MEGAN MONTOYA, DEMALI MOSELY, DWAYNE NORVILLE, a/k/a "Lux," and JILLIAN WALCOTT, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c) any and all property, real and personal, that constitutes or is derived from, proceeds traceable to the commission of said offense, including but not limited to a sum of money in United

States currency representing the amount of proceeds traceable to the commission of said offense that the defendants personally obtained.

### Substitute Assets Provision

28. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

> a. cannot be located upon the exercise of due diligence;
>
> b. has been transferred or sold to, or deposited with, a third person;
>
> c. has been placed beyond the jurisdiction of the Court;
>
> d. has been substantially diminished in value; or
>
> e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981, 982, and 1029;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

_____
Foreperson

_____
GEOFFREY S. BERMAN
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

JAMAL SIMON,
DAVID BOYD,
a/k/a "Fresh,"
MELVIN BROWN,
a/k/a "Flint,"
DARREN DAVIDSON,
a/k/a "Eddie Gray,"
DWIGHT FORDE,
YVETTE LUBRUN,
RASHAUN McKAY,
a/k/a "Buster,"
MEGAN MONTOYA,
DEMALI MOSELY,
DWAYNE NORVILLE,
a/k/a "Lux," and
JILLIAN WALCOTT,

Defendants.

SEALED INDICTMENT

18 Cr. _____

(18 U.S.C. §§ 1028A(a)(1), 1028A(b),
1029(b)(2), 1349, and 2;
42 U.S.C. §§ 1320d-6(a)(2), (a)(3),
and (b)(3).)

GEOFFREY S. BERMAN
United States Attorney

_____
Foreperson