UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
:
UNITED STATES OF AMERICA, :
: 18-Cr-339-1 (PAC)
v. :
:
JAMAL SIMON, : **OPINION & ORDER**
:
*Defendant* :
:
:
:
------------------------------------------------------------X

Jamal Simon is a 34-year-old inmate incarcerated at Oklahoma City FTC.[1] He moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), alleging several health conditions constitute extraordinary and compelling reasons for release during the COVID-19 pandemic. For the reasons that follow, Simon's motion for compassionate release is **DENIED** without prejudice as to its renewal should his health or the conditions at Oklahoma City FTC materially worsen.

## BACKGROUND

Simon pled guilty, pursuant to a plea agreement, on September 9, 2019, to one count of conspiracy to commit wire fraud, 18 U.S.C. § 1349 ("Count Two"); one count of aggravated identity theft, 18 U.S.C. § 1028A ("Count Three"); and one count of willfully obtaining individually identifiable health information, 42 U.S.C. §§ 1320d-(6)(a)(2) and (b)(3) ("Count Four"). *See* Presentence Investigation Report ("PSR") ¶ 8, ECF No. 255. The plea agreement stipulated to a Guideline range of 97 to 121 months for Counts Two and Four, which, combined

---

[1] At the time of the parties' motions, Simon was incarcerated at FMC Rochester but appears to have since been transferred to Oklahoma City FTC. *See* Federal Bureau of Prisons *Inmate Locator*, https://www.bop.gov/inmateloc/ (last accessed Nov. 29, 2022).

1

with Count Three's statutorily mandated consecutive term of 24 months' imprisonment, yielded an effective Guidelines range of 121 to 145 months imprisonment. *Id.*.[2] Probation Services recommended a sentence of 132 months. *Id.* at 24. On January 30, 2020, the Court sentenced Simon to 115 months—below the Guidelines range. *See* Sent'g Tr. 24:10–14, ECF No. 308; J. as to Simon, ECF. No. 289. The Second Circuit dismissed Simon's appeal of his sentence. *See* ECF No. 355.

Simon's current projected release date is March 31, 2027; he has thus served approximately 47% of his sentence. After initially declining to be vaccinated against COVID-19, as of July 2022, Simon is fully vaccinated. *See* Def. Supp. Mot. Modify Sentence ("Def. Supp. Mot.") at 3, ECF No. 381.

On December 27, 2021, Simon moved for compassionate release *pro se. See* Def. Mot. Modify Sentence, ECF No. 368 ("Def. Mot."). The Government opposed the motion on January 24, 2022. *See* Gov't's Opp'n, ECF No. 369. The Court then appointed counsel *nunc pro tunc, see* ECF No. 370, who supplemented Simon's initial motion. *See* Def. Supp. Mot. Both parties have since filed further supplemental briefs. *See* ECF Nos. 382, 383, 384.

## DISCUSSION

Once imposed, a district court must leave a term of imprisonment undisturbed, subject to

---

[2] The PSR calculates the effective Guideline range as 121 to 155 months, per Simon's plea agreement. PSR at 6. The Court presumes this is a clerical error; the Court determined at sentencing that the correct Guideline range for Counts Two and Four was 97 to 121 months, followed by a mandatory, two-year consecutive term on Count Three, *see* Sent'g Tr. 23:1–3; 24:8–14, thus yielding an effective Guideline range of 121 to 145 months. *See also* J. as to Simon (sentencing Simon to ninety-one months on Counts II and IV and twenty-four months on III, to run consecutive). The Court thus corrects the record under Fed. R. Crim. P. 36 to "substitut[e] a right number for a wrong number." *United States v. Burd*, 86 F.3d 285, 288 (2d Cir. 1996).

2

a few limited exceptions. *See United States v. Maldonado*, No. 16-CR-285 (CM), 2021 WL 639069, at *1 (S.D.N.Y. Feb. 17, 2021). One exception is the "Compassionate Release" provision, which allows a defendant to petition the district court for a sentencing reduction after "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant satisfies the administrative exhaustion requirement, the Court may grant a sentence reduction upon determining that (1) the defendant established "extraordinary and compelling reasons to warrant such a reduction," and (2) a sentence reduction would be consistent with the sentencing factors at 18 U.S.C. § 3553(a). *See also United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021). A district court has "broad discretion" to consider a motion for compassionate release, *United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022), and may "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). A court may not, however, consider rehabilitation alone as an extraordinary and compelling reason to reduce a sentence. *See id.* at 237–38 (citing 28 U.S.C. § 994(t)).

**I.    Exhaustion**

Simon has satisfied § 3582(c)(1)(A)'s exhaustion requirement. His request for compassionate release was denied by the Bureau of Prisons ("BOP") on June 11, 2021, *see* Def. Mot., Ex. 2, and over 30 days have passed since the BOP's decision. Thus, Simon has exhausted his administrative remedies and the Court may consider his motion on the merits.

**II.    Extraordinary and Compelling Circumstances**

Simon has not identified any extraordinary and compelling circumstances to reduce his

a few limited exceptions. *See United States v. Maldonado*, No. 16-CR-285 (CM), 2021 WL 639069, at *1 (S.D.N.Y. Feb. 17, 2021). One exception is the "Compassionate Release" provision, which allows a defendant to petition the district court for a sentencing reduction after "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant satisfies the administrative exhaustion requirement, the Court may grant a sentence reduction upon determining that (1) the defendant established "extraordinary and compelling reasons to warrant such a reduction," and (2) a sentence reduction would be consistent with the sentencing factors at 18 U.S.C. § 3553(a). *See also United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021). A district court has "broad discretion" to consider a motion for compassionate release, *United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022), and may "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). A court may not, however, consider rehabilitation alone as an extraordinary and compelling reason to reduce a sentence. *See id.* at 237–38 (citing 28 U.S.C. § 994(t)).

**I.    Exhaustion**

Simon has satisfied § 3582(c)(1)(A)'s exhaustion requirement. His request for compassionate release was denied by the Bureau of Prisons ("BOP") on June 11, 2021, *see* Def. Mot., Ex. 2, and over 30 days have passed since the BOP's decision. Thus, Simon has exhausted his administrative remedies and the Court may consider his motion on the merits.

**II.    Extraordinary and Compelling Circumstances**

Simon has not identified any extraordinary and compelling circumstances to reduce his

sentence. He claims suffering various "severe" medical conditions, including obesity, high blood pressure, a compromised lung condition, and "ongoing after-effects" of a prior COVID-19 illness. Def. Supp. Mot. at 1. There are no recent hospital records; and his medical records indicate only that he has obesity and "borderline" high blood pressure.[3] Def. Mot. at 45. Obesity and hypertension (assuming that "borderline" high blood pressure rises to the level of hypertension), in theory, would enhance Simon's risk of severe illness if he were to contract COVID-19. *See People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited November 29, 2022).

The Court rejects, however, that these medical conditions rise to the level of extraordinary and compelling circumstances. For one, Simon's young age—34—decreases his chances of a serious reaction to another bout of COVID-19. *See United States v. Nwankwo*, 12 CR 31 (VM), 2020 WL 7335287, at *2, (S.D.N.Y. Dec. 14, 2020) (rejecting extraordinary and compelling circumstances when defendant, although obese, was thirty years old and had recently recovered from COVID-19). His records do not indicate that he is currently taking any medication or receiving any other form of medical care for his obesity and "borderline" high blood pressure, other than an educational course on heart health and cholesterol.

Further, Simon is now fully vaccinated against COVID-19. For the "vast majority of prisoners"—even those with underlying health conditions like Simon—the widespread availability of vaccines means that the risk of COVID-19 is no longer an extraordinary basis for release. *See*

---

[3] Simon's claims about his compromised lung condition and COVID-19 aftereffects are not supported by the record. Simon did suffer from a traumatic chest injury in 2005 and had COVID in March 2021, however, at least one recent medical exam indicated Simon's lungs were clear and that he had no wheezing or crackling. *See* Def. Mot. at 63.

*United States v. Steele*, No. 15 CR 836 (VM), 2022 WL 2437904, at *2 (S.D.N.Y. July 5, 2022) (denying compassionate release for vaccinated prisoner with hypertension and obesity), *reconsideration denied*, 2022 WL 3020143 (S.D.N.Y. Jul. 29, 2022). Simon also asserts that, were he to catch COVID-19 again, his health puts him at risk for suffering a severe outcome. He provides no evidence to support this; Simon contracted COVID-19 once before and his records indicate he made a full recovery. *See Nwankwo*, 2020 WL 7335287 at *2.

Simon's allegations about conditions at FMC Rochester are similarly unfounded. Whatever the conditions at FMC Rochester, Simon is now incarcerated at Oklahoma City FTC, where conditions are stable with 17 reported inmate cases (1.4% of the inmate population) and 0 staff reported positive cases. *See* BOP, *COVID-19* Cases, https://www.bop.gov/coronavirus/ (last accessed Nov. 29, 2022). While the Court recognizes the role the COVID-19 pandemic continues to play in our daily lives, an abstract presence of COVID-19 in prisons, without more, does not establish extraordinary and compelling circumstances. *See, e.g., United States v. Farmer*, No. 19-CR-427 (LTS), 2022 WL 47517, at *3 (S.D.N.Y. Jan. 5, 2022); *United States v. Lorenzano*, No. 03 Cr. 1256 (JFK), 2021 WL 734984, at *5 (S.D.N.Y. Feb. 24, 2021) *reconsideration denied*, 2021 WL 1998576 (S.D.N.Y. May 19, 2021).

Simon also seeks credit for his "far more severe and punitive" incarceration he alleges to have experienced during the pandemic. This condition alone does not support a finding of extraordinary and compelling circumstances. *Cf. United States v. Brown*, 05-cr-538 (JSR), 2022 WL 3369709, at *6 (S.D.N.Y. Aug. 15, 2022) (noting that while pandemic conditions alone might not be extraordinary and compelling, a partial sentence reduction was warranted when combined with both defendant's youth and cognitive impairments at the time of the offense and his rehabilitation).

5

Given his COVID-19 vaccination, his age, his stable health status, and the current conditions at Oklahoma City FTC, Simon fails to establish an extraordinary and compelling medical reason to reduce his sentence. "For that reason alone, the motion must be denied." *Maladonado*, 2021 WL 639069, at *4.

### III.  Section 3553(a) Factors

Without extraordinary and compelling reasons to reduce his sentence, the Court need not address the § 3553(a) sentencing factors. *See United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021). Nevertheless, the Court accounts for any "uncertainty surrounding public health guidance" by explaining how the § 3553(a) factors provide an independent basis to deny Simon's motion. *Id.* Under § 3553(a), the Court must examine the history and characteristics of the defendant, the nature and circumstances of the offense, and look to promote respect for the law while providing just punishment and deterring criminal conduct. 18 U.S.C. § 3553(a).

The § 3553(a) factors provide further support for denying Simon's motion. First, any allegations Simon makes regarding discrepancies in his Sentencing Guidelines calculation fails. Although the PSR calculated that Simon had a criminal history category of II, the Court explicitly acknowledged that it would honor the Criminal History Category I designation as stipulated in Simon's plea agreement. *See* Sent'g Tr. 3:11– 4:5.

Simon's argument that the fraud Sentencing Guidelines is an "arbitrary guideline range" and a weak indicator of moral seriousness of the offense is similarly unpersuasive. The Court acknowledged at sentencing that while the offense was non-violent, Simon "very clearly" fell within the Guidelines characterization of a leader or organizer of the scheme and noted his multi-month attempt to flee law enforcement and to continue engaging in fraudulent conduct post-indictment. *Id.* at 22:17– 23:9, 24:3–7. His sentence thus accurately reflects his culpability. In

any event, the Court sentenced Simon below Guideline range. A reduction in sentence would therefore fail to "promote respect for the law, and [] provide just punishment for the offense." 18 U.S.C. 3553(a).

Finally, it is well-established that the Court cannot rely on even significant rehabilitation alone in determining the availability of a sentence adjustment under §3582(c)(1)(A)(i). 28 U.S.C. § 994(t). Even if it could, however, the Court would decline to do so here. Since being incarcerated, Simon has been disciplined on numerous occasions, including one particularly troubling incident report that found he intentionally sought to avoid repayment of court-ordered restitution. *See* Gov't Reply, ECF No. 384, Ex. B.

### CONCLUSION

Simon's motion for compassionate release is **DENIED** without prejudice as to its renewal should his health or the conditions at Oklahoma City FTC materially worsen. The Clerk of Court is directed to close ECF Nos. 368, 381, 383.

Dated: New York, New York  
December 5, 2022

SO ORDERED

*/s/ Paul A. Crotty*

HONORABLE PAUL A. CROTTY  
United States District Judge